UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAREL HF,

Plaintiff,

v.

MARELEC FOOD TECHNOLOGIES BVBA.

Defendant.

CIVIL CASE NO. ____________

**JURY TRIAL DEMANDED**

# COMPLAINT

Plaintiff Marel HF (hereinafter "Marel") brings this action against Defendant Dynamic Marelec Food Technologies Bvba (hereinafter "Marelec") and for its Complaint asserts as follows:

## NATURE OF THE CASE

1. This is a civil action for infringement of U.S. Patent No. 6,164,174 (the "'174 patent"). Maralec's PORTIO Cutter products infringe one or more claims of the '174 patent under Title 35 U.S.C. §§ 271, 281, 283, 284 and 285.

## THE PARTIES

2. Plaintiff Marel is an Icelandic corporation engaged in manufacturing, marketing and selling high-speed portion cutters throughout the world, including in

the United States. Marel has a principal place of business at Austurhraun 9, IS-210 Gardabaer, Iceland.

3. Upon information and belief, Marelec is a Belgium company that also manufactures, markets and sells high-speed portion cutters, including in the United States. On information and belief, Marelec has a principle place of business at Redanweg 15, 8620 Nieuwpoort, Belgium.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the patent infringement claims in this Action under 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Marelec has sold one or more PORTIO Cutter products accused of infringing the claims of the '174 patent in the State of Georgia, has used a PORTIO Cutter to infringe the methods claimed in the '174 patent in the State of Georgia, has caused injury to Marel within the State of Georgia, and has otherwise purposely availed itself of the privileges and benefits of the laws of the State of Georgia. Marelec is therefore subject to specific personal jurisdiction in this Court.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Marelec's conduct performed in this judicial district infringed the claims of the '174 patent, as set forth in additional detail below.

**BACKGROUND**

7. Marel is a leading global provider of advanced equipment, systems and software components used to process meat and fish products. As a global leader in this technology, Marel invests heavily into research and development to provide cutting edge technology that enables its customers to enhance their productivity and the overall quality and value of their meat and fish products.

8. On December 26, 2000, the United States Patent and Trademark Office duly and legally issued the ’174 patent, bearing the title “Computer Controlled Portioning Machine.” A true and correct copy of the ’174 patent is attached hereto as Exhibit A.

9. Marel owns the ’174 patent by assignment.

10. Marel practices the ’174 patent and has marked its products covered by the ’174 patent as required by 35 U.S.C. § 287 during all times relevant to this Action.

11. In 2012 Marel became aware of Marelec’s PORTIO Cutters being marketed and sold in the United States.

12. On December 20, 2012, counsel for Marel sent a letter to Marelec informing it of the ’174 patent and raising questions concerning the functionality of the PORTIO Cutters and possible infringement of the claims of the ’174 patent.

13. Marel and Marelec subsequently exchanged letters and information regarding the functionality of the PORTIO Cutters during 2013 as it relates to the functions claimed in the ’174 patent. Marel determined that the PORTIO Cutters infringe the claims of the ’174 patent, and sent Marelec a letter informing it of the infringement on November 13, 2013.

14. Despite its knowledge concerning both the ’174 patent and that its PORTIO Cutter products infringed the claims of the ’174 patent, Marelec has continued to market and sell the PORTIO Cutter in the United States with the specific intention that they be used to cut items, such as meat and fish, using the apparatus and methods claimed in the ’174 patent.

15. On information and belief, Marelec has demonstrated and sold an infringing PORTIO Cutter to Buckhead Beef in College Park, Georgia, thereby infringing the claims of the ’174 patent in this judicial district.

## COUNT I

### Direct Patent Infringement

16. Marel restates and incorporates herein by reference the averments set forth in the preceding paragraphs of this Complaint as if fully rewritten herein.

17. Marelec markets and sells the PORTIO Cutter in the United States without license or authority from Marel.

18. The PORTIO Cutter directly infringes at least claims 1 and 17 of the ’174 patent.

19. Marelec’s infringement of the claims of the ’174 patent is done knowingly and in willful disregard for Marel’s intellectual property rights in the ’174 patent.

20. The PORTIO Cutter competes directly with Marel’s portion cutters covered by the claims of the ’174 patent. Marel has been and will continue to be damaged by Marelec’s infringing conduct in an amount to be established upon proper proof at trial. Further, the harm to Marel arising from Marelec’s acts of infringement of the ’174 patent is not fully compensable by money damages, but rather, results in irreparable harm to Marel.

## COUNT II

### Induced Patent Infringement

21. Marel restates and incorporates herein by reference the averments set forth in the preceding paragraphs of this Complaint as if fully rewritten herein.

22. Marelec has knowledge of the ’174 patent and that the PORTIO Cutter infringes at least claims 1 and 17 of the ’174 patent.

23. Marelec encourages and intends for its customers within the United States to install and use the PORTIO Cutter in a manner that directly infringes at

least claims 1 and 17 of the ’174 patent. Among other things, Marelec provides training and/or instructions to customers of the PORTIO Cutter such that when PORTIO Cutters are installed and used in accordance with the training and/or instructions the PORTIO Cutters infringe at least claims 1 and 17 of the ’174 patent. On information and belief, Marelec enables the software components of the PORTIO Cutter that performs the functions that infringe the claims of the ’174 patent when its consumers use the PORTIO Cutter to cut meat and fish into portions. As a result, Marelec has actively induced infringement of the ’174 patent under 35 U.S.C. § 271(b).

24. Marelec’s inducement of infringement of the claims of the ’174 patent is done knowingly and in willful disregard for Marel’s intellectual property rights in the ’174 patent.

25. The PORTIO Cutter competes directly with Marel’s products covered by the claims of the ’174 patent. Marel has been and will continue to be damaged by Marelec’s customers’ infringing conduct in an amount to be established upon proper proof at trial. Further, the harm to Marel arising from acts of infringement of the ’174 patent by Marelec’s customers is not fully compensable by money damages, but rather, results in irreparable harm to Marel.

## COUNT III

### Contributory Patent Infringement

26. Marel restates and incorporates herein by reference the averments set forth in the preceding paragraphs of this Complaint as if fully rewritten herein.

27. Marelec has knowledge of the ’174 patent and that the PORTIO Cutter infringes at least claims 1 and 17 of the ’174 patent.

28. The software components of the PORTIO Cutter that perform the functions that infringe the claims of the ’174 patent are not staple articles, but rather are especially made and included in the PORTIO Cutter to be installed and used in a manner that directly infringes the ’174 patent. Indeed, the software components of the PORTIO Cutter that perform the functions that infringe the claims of the ’174 patent have no substantial use other than to practice the claims of the ’174 patent. As a result, Marelec has contributed to infringement of the ’174 patent under 35 U.S.C. § 271(c).

29. Marelec’s contributory infringement of the claims of the ’174 patent is done knowingly and in willful disregard for Marel’s intellectual property rights in the ’174 patent.

30. The PORTIO Cutter competes directly with Marel’s products covered by the claims of the ’174 patent. Marel has been and will continue to be damaged

by Marelec's contributory infringement of the '174 patent in an amount to be established upon proper proof at trial. Further, the harm to Marel arising from Marelec's contributory infringement of the '174 patent is not fully compensable by money damages, but rather, results in irreparable harm to Marel.

## JURY DEMAND

31. Marel demands a jury trial on all disputed issues that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Marel demands a judgment in its favor and demands the following relief:

A. For judgment holding Marelec liable for infringement of the '174 patent;

B. For a permanent injunction enjoining Marelec, their officers, agents, servants, employers and attorneys, and all other persons in active concert or participation with them from further infringement of the '174 patent;

C. That Marelec be ordered to destroy all products deemed to infringe the '174 patent;

D. For an award to Marel of its damages, and that such damages be trebled in view of the willful and deliberate nature of Marelec's infringement of the '174 patent;

E. That this be declared an exceptional case, and that Marel be awarded its attorneys' fees;

F. For an award of Marel's costs of this action; and

G. For such other and further relief as the Court deems Marel may be entitled to in law and in equity.

Respectfully submitted: April 30, 2015.

By: */s/ Robert L. Florence*

Robert L. Florence (GA Bar No. 265005)
rflorence@wnlaw.com

WORKMAN NYDEGGER
1075 Peachtree Street NE, Suite 3650
Atlanta, GA 30309-3934
Telephone: (404) 965-3621
Facsimile: (801) 328-1707

*Attorneys for Plaintiff Marel HF.*

OF COUNSEL:

WORKMAN NYDEGGER
Chad E. Nydegger (Utah Bar No. 09964)
cnydegger@wnlaw.com
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

**CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the court in local rules 5.1 (C) and 7.1 (D).

This 30th day of April, 2015.

By: */s/ Robert L. Florence*

Robert L. Florence (GA Bar No. 265005)
rflorence@wnlaw.com

WORKMAN NYDEGGER
1075 Peachtree Street NE, Suite 3650
Atlanta, GA 30309-3934
Telephone: (404) 965-3621
Facsimile: (801) 328-1707

*Attorneys for Plaintiff Marel HF.*

OF COUNSEL:

WORKMAN NYDEGGER
Chad E. Nydegger (Utah Bar No. 09964)
cnydegger@wnlaw.com
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707